UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DUANE DUNHAM,<br><br>       Petitioner,<br><br>vs.<br><br>RIVERSIDE COUNTY SHERIFF, STAN SHIFF, et al.,<br><br>       Respondents. | Case No.: 18CV0863 GPC (JMA)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 7]** |

Petitioner Ronald Duane Dunham ("Petitioner") has filed a motion for appointment of counsel. (ECF No. 7.)

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions. *McClesky v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert denied*, 481 U.S. 1023 (1987); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986), *cert. denied*, 479 U.S. 867 (1986). Under 18 U.S.C. § 3006A(a)(2)(B), however, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever a magistrate judge or the district court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2), (a)(2)(B); *Terrovona*

1

*v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990), *cert. denied*, 499 U.S. 979 (1991). The interests of justice can also require appointment of counsel when the Court conducts an evidentiary hearing on the Petition. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. § 2254. Here, however, there is no indication that an evidentiary hearing is necessary.

The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah*, 18 F.3d at 573. In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. *Id.* In addition, the appointment of counsel may be necessary if the petitioner is of such limited education as to be incapable of presenting his claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970). When the issues involved in a section 2254 habeas action can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a motion for appointment of counsel. *Travis v. Lockhart*, 787 F.2d 409, 411 (8th Cir. 1986).

In the instant case, Petitioner has sufficiently represented himself to date. It appears he has a good grasp of this case and the legal issues involved. The Petition was pled sufficiently to warrant this Court's issuance of an Order Requiring Response to Petition, which directed Respondents to file an Answer or other responsive pleading. (ECF Nos. 1, 4.) At this stage of the proceedings, it appears the Court will be able to properly resolve the issues presented on the basis of the state court record. Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of

counsel because it is simply not warranted by the interests of justice.  See *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

Based on the foregoing, the Court finds that the interests of justice do not require the appointment of counsel.  Petitioner's motion for appointment of counsel is, therefore, **DENIED**.

**IT IS SO ORDERED**.

Dated:  May 30, 2018

_____
Honorable Jan M. Adler
United States Magistrate Judge