UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DUANE DUNHAM,<br><br>　　　　　　　　　Petitioner,<br><br>　vs.<br><br>RIVERSIDE COUNTY SHERIFF, STAN SHIFF, et al.,<br><br>　　　　　　　　　Respondents. | Case No.: 18CV0863 GPC (JMA)<br><br>**REPORT AND RECOMMENDATION RE PETITIONER'S MOTION FOR STAY [ECF No. 5]** |

　　　Petitioner Ronald Duane Dunham moves to stay a state court restitution proceeding in San Diego Superior Court pending a decision on his petition to this Court for a writ of habeas corpus. (ECF No. 5.) The Court recommends the motion be DENIED.

　　　On December 14, 2014, Petitioner was convicted by a jury of seven counts of grand theft, six counts of elder theft, seven counts of security fraud, and one count of perjury in San Diego Superior Court Case No. SCD246838. (Pet., ECF No. 1 at 1.) He was sentenced to twelve years in state prison. *Id.* He was released from prison on October 13, 2017 and is currently on community supervision in Riverside County with a projected release date of October 11,

2018.  *Id.*  On February 7, 2018, the California Court of Appeal reversed the convictions for grand theft involving elder adults and attendant true findings on loss enhancements, but affirmed the judgment in all other respects.  *Id.* at 2-3.  On April 18, 2018, the California Supreme Court denied a petition for review.  *Id.* at 3 & 152.  Petitioner did not seek collateral review in state court.  *Id.* at 4.  On May 4, 2018, Petitioner filed his federal petition for writ of habeas corpus in this Court.

Prior to Petitioner's trial, the trial court froze the bank accounts of a company controlled by Petitioner, Rodan Enterprises, LLC ("Rodan"), pursuant to California Penal Code section 186.11 to preserve assets for victim restitution. (Pet., Ex. D, ECF No. 1 at 327.)[1]  Section 186.11, known as the "Freeze and Seize Law," is designed to provide restitution to victims of white collar crimes from assets under the convicted criminal's control.  *Id.*  At trial, the jury found a section 186.11 aggravated white collar crime enhancement allegation to be true.  *Id.*  Scott Lee, a third party claimant who was not involved in Petitioner's criminal activities, asserted he had invested $400,000 in Rodan and was entitled to recover that amount from the frozen funds.  *Id.* at 328.  On February 5, 2016, at the restitution hearing, the court ordered (1) the named victims in the prosecution's charging document would receive full restitution for their losses and (2) any remaining funds would be paid to two individuals, one of whom was Mr. Lee.  *Id.*  On February 7, 2018, the California Court of Appeal denied a petition for writ of mandamus filed by Mr. Lee, finding the trial court was not required to distribute an equitable share of the frozen funds to Mr. Lee, and vacated the stay it had previously issued as to the trial court's restitution order.  *Id.* at 338-39.  On

---

[1] The background information set forth in this paragraph is taken from a decision of the California Court of Appeal in *Scott Lee v. Superior Court of San Diego County*, Case No. D070075.  Mr. Lee was a third party claimant seeking to appeal the trial court's restitution order in Petitioner's case.  (Pet., Ex. D, ECF No. 1 at 327.)

April 18, 2018, the California Supreme Court denied a petition for review, and dissolved the stay of the restitution order it had previously granted in order to consider the petition for review. *Id.* at 324-25.

Federal judges may stay any state court proceeding for any matter involved in a habeas corpus proceeding. 29 U.S.C. § 2251(a)(1). Whether to grant a stay is in the "sound discretion" of the court. *McFarland v. Scott*, 512 U.S. 849, 857-58 (1994). Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-46 (1971) (extraordinary circumstances exist when there is danger of great and immediate irreparable loss); *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (applying *Younger* to habeas petition challenging state pretrial proceedings; federal intervention appropriate only under "special circumstances," such as proven harassment, bad faith prosecution, or other extraordinary circumstances resulting in irreparable injury). Any irreparable injury must be beyond "that incidental to every criminal proceeding brought lawfully and in good faith." *Younger*, 401 U.S. at 46-47.

Petitioner argues a stay of the restitution proceedings should be granted because he has raised thirteen grounds in his federal habeas petition, the California Court of Appeal and California Supreme Court issued stays, and Petitioner and innocent third parties will suffer irreparable injury if the stay is not granted as the restitution order permits the seizure and distribution of assets belonging to Petitioner and others who were not charged with any criminal offenses. (Motion, ECF No. 5 at 3.) Petitioner further contends a stay would not substantially harm any other parties as the assets have remained frozen since 2013 and are not in any danger of being removed. *Id.*

These reasons are insufficient to stay the state court restitution order and proceedings. The harm asserted by Petitioner is not irreparable, as loss of

money can be remedied by an award of damages. Petitioner does not want to pay restitution before his federal habeas proceeding is concluded on the chance his convictions will be overturned, but this same sentiment is likely held by the majority of habeas petitioners who are ordered to pay restitution. Petitioner has been convicted, and the state appellate courts have, in substantial part, upheld his convictions. Mr. Lee's third party claim to the frozen assets has been considered by the state trial and appellate courts, and his request for relief was denied. Petitioner has not identified any special circumstances warranting a stay.

The Court accordingly recommends Petitioner's motion for stay be DENIED. This report and recommendation will be submitted to the Honorable Gonzalo P. Curiel, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **June 13, 2018**. The document should be captioned "Objections to Report and Recommendation." Any reply to the Objections shall be served and filed on or before **June 27, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 30, 2018

Honorable Jan M. Adler
United States Magistrate Judge