UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DUANE DUNHAM,<br><br>                              Petitioner,<br><br>v.<br><br>RIVERSIDE COUNTY SHERIFF, STAN SHIFF; MARK HAKE, Chief Probation Officer,<br><br>                            Respondents. | Case No.: 18cv863-GPC(JMA)<br><br>**ORDER 1) ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITIONER'S MOTION FOR A STAY OF STATE COURT RESTITUTION ROCEEDINGS; 2) DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Dkt. No. 5.]** |

On May 4, 2018, Petitioner Ronald Duane Dunham ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction. (Dkt. No. 1.) Shortly thereafter, Petitioner filed a motion to stay state court restitution proceedings pursuant to 28 U.S.C. § 2251. (Dkt. No. 5.) Magistrate Judge Jan M. Adler issued a report and recommendation ("Report") denying Petitioner's motion to stay. (Dkt. No. 10.) Petitioner filed an objection. (Dkt. No. 11.) Based on the reasoning below, the Court ADOPTS the Report and DENIES Petitioner's motion to stay state court restitution proceedings.

**Background**

On December 15, 2014, Petitioner was convicted by a jury of twenty counts of

grand theft, elder theft and securities fraud, and found as true allegations relating to the amount of losses sustained by individual victims and in aggregate in San Diego Superior Court in Case No. SCD246838. People v. Dunham, D068100, 2018 WL 739806, at *1 (Cal. Ct. App. Feb. 7, 2018). He was sentenced to twelve years in state prison. Id. at *8.

Petitioner appealed the conviction and on February 7, 2018, the California Court of Appeal reversed the convictions for grand theft involving elder adults and attendant true findings on loss enhancements, but affirmed the judgment in all other respects. Id. at *1.

Prior to Petitioner's trial, the trial court froze the bank accounts of a company controlled by Petitioner, Rodan Enterprises, LLC ("Rodan"), pursuant to California Penal Code section 186.11 to preserve assets for victim restitution. (Dkt. No. 1, Pet., Ex. D at 327.) Section 186.11, known as the "Freeze and Seize Law," provides restitution to victims of white collar crimes from assets under the convicted criminal's control. (Id.) At trial, the jury found a section 186.11 aggravated white collar crime enhancement allegation to be true. (Id.) On February 5, 2016, at the restitution hearing, the trial court ordered (1) the named victims in the prosecution's charging document would receive full restitution for their losses and (2) any remaining funds would be paid to two individuals, one of whom was Mr. Lee. (Id. at 328.)

Scott Lee, a third party claimant who was not involved in Petitioner's criminal activities, asserted he had invested $400,000 in Rodan and was entitled to recover that amount from the frozen funds. Id. at 328. Lee appealed the trial court's restitution order. (Id. at 327.) On February 7, 2018, the California Court of Appeal denied the petition for writ of mandamus filed by Mr. Lee, finding that "substantial evidence supports the court's implicit finding that Lee did not establish an ownership interest in the frozen funds . . . and Lee was not entitled to an equitable share of the frozen funds as a crime victim" and vacated the stay it had previously issued as to the trial court's restitution order. Id. at 328, 339.

Petitioner filed a petition for review with the California Supreme Court dated

February 19, 2018. (Dkt. No. 1, Pet. at 289, 321.) On April 18, 2018, the California Supreme Court denied the petition for review and dissolved the stay previously issued by the court. (Id. at 324-25.)

Petitioner claims he was released from prison on October 13, 2017 and is currently on community supervision in Riverside County with a projected release date of October 11, 2018. (Dkt. No. 1, Pet. at 1.) On May 4, 2018, Petitioner filed his federal petition for writ of habeas corpus in this Court. (Dkt. No. 1.)

## Discussion

### A. Standard of Review of Magistrate Judge's Report

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. Because objections were made, the Court reviews the magistrate judge's findings and recommendations *de novo*. 28 U.S.C. § 636(b)(1)(C); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

### B. Motion to Stay

"A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." 28 U.S.C § 2251. "Section 2251 does not mandate the entry of a stay, but dedicates the exercise of stay jurisdiction to the sound discretion of a federal court." McFarland v. Scott, 512 U.S. 849, 858 (1994) (concerning stay of execution); Coleman v. California, No. C 09-5742 MHP(pr), 2010 WL 695380, at *1 (N.D. Cal. Feb. 23, 2010) (noting that cases granting stays have primarily concerned stays of execution).

Stays under § 2251 are not automatic. Coleman, 2010 WL 695380, at *2. A

3

18cv863-GPC(JMA)

petitioner must demonstrate substantial grounds upon which relief might be granted. Vargas v. Lambert, 159 F.3d 1161, 1166 (9th Cir.1998) (citing Barefoot v. Estelle, 463 U.S. 880, 895 (1983)). To establish substantial grounds requires Petitioner to demonstrate "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Id. (quoting Barefoot, 463 U.S. at 893 n. 4).

The Report concluded that Petitioner's reasons for seeking a stay were insufficient because the harm asserted is not irreparable because loss of money can be remedied by an award of damages. (Dkt. No. 10 at 3-4.) Petitioner also does not want to pay restitution before his federal habeas proceeding is concluded in the event the court grants habeas relief but the Magistrate Judge reasoned that the same sentiment is likely held by the majority of habeas petitioner who are ordered to pay restitution. (Id. at 4.) Finally, the Magistrate Judge explained that Petitioner has been convicted and the state appellate courts have mostly upheld his convictions and Mr. Lee's third party claims were denied by the trial and appellate courts. (Id.)

In his objection, Petitioner argues that he was merely a manager of Rodan Enterprises, not one of the owners, and that Mr. Lee held funds in Rodan in the amount of approximately $594,000 and was the second largest member owner of Rodan. (Dkt. No. 11 at 1.) Therefore, this significant amount of money demonstrates irreparable harm. (Id.)

Petitioner makes a general assertion concerning the alleged harm to Mr. Lee, a third party, and not as to him, as the moving party. He has not demonstrated substantial grounds to warrant a stay of the state court restitution proceedings under 28 U.S.C. § 2251. See Vargas, 159 F.3d at 1166. Moreover, the court of appeal concluded that substantial evidence supported the trial court's implicit finding that Mr. Lee did not establish ownership interest in the frozen funds and he was not entitled to an equitable share of the frozen funds as a crime victim. (Dkt. No. 1, Pet., Ex. D at 328.)

Accordingly, the Court ADOPTS the Report and DENIES Petitioner's motion to

stay the state court restitution proceedings.

## C. Motion for Appointment of Counsel

Petitioner also seeks a renewed appointment of counsel based on the Magistrate Judge's denial of his request and asserting that he has no legal background and the issues are too complex for him. (Dkt. No. 11 at 1.) He states that his appellate counsel assisted him with preparing the petition and motion to stay. (Id.)

The Magistrate Judge denied appointment of counsel because the court will be able to resolve issues presented on the basis of the state court record and the Petition that had sufficiently plead claims under 28 U.S.C. § 2254. (Dkt. No. 9 at 2.)

The Sixth Amendment right to counsel does not extend to federal habeas corpus petitions. McClesky v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert denied, 481 U.S. 1023 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation if they are financially unable to obtain adequate representation and whenever a magistrate judge or the district court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, Petitioner paid the filing fee of $5.00 and it is not clear whether he is currently financially unable to afford adequate counsel as he has been released from prison in October 2017 and may have been released from the community supervision program on October 11, 2018. Next, Petitioner has not demonstrated his inability to articulate his claims in relation to the complexity of the legal issues involved. He merely argues that he has no background in the law and the issues involved are "far too complex." (Dkt. No. 11 at 1.) These conclusory arguments do not support his request for appointment of counsel. Moreover, the likelihood of success is questionable based on the

5

court of appeal's ruling affirming in part the trial court judgment in his case as well as the court of appeal's ruling denying Mr. Lee's petition for writ of mandamus. Accordingly, the Court does not find that the interests of justice warrants appointment of counsel, and the Court DENIES Petitioner's renewed motion for appointment of counsel.

### Conclusion

Accordingly, the Court ADOPTS the report and recommendation and DENIES Petitioner's motion for stay of restitution proceedings in state court. The Court also DENIES Petitioner's renewed request for appointment of counsel.

IT IS SO ORDERED.

Dated: October 25, 2018

Hon. Gonzalo P. Curiel
United States District Judge

6

18cv863-GPC(JMA)